**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| BENGIE DEMYERS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>BYPASS GRILL HOUSE; GAINES ANDREWS, Jr.; and CECILIA ANDREWS | **Case No. 3:18-cv-00273**<br>FLSA Collective Action |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**SUMMARY**

1. Bengie Demyers brings this lawsuit to recover unpaid overtime wages and other damages from under the Fair Labor Standards Act (FLSA).

2. Bypass Grill House, Gaines Andrews, Jr., and Cecilia Andrews and are hereinafter referred to jointly as "Bypass Grill."

3. Bypass Grill failed to pay Bengie Demyers, and other workers like him, overtime as required by federal law.

4. Instead, Bypass Grill paid Demyers, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

5. This collective action seeks to recover the unpaid wages and other damages owed to Demyers and other workers like him at Bypass Grill.

6. To add insult to injury, after Demyers complained about Bypass Grill's not paying his overtime, Bypass Grill began retaliating against him.

7. Bypass Grill's actions toward Demyers for raising legal concerns about his rights under the law violate the anti-retaliation provisions of the FLSA.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Demyers worked for Bypass Grill in this District and Division.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Bypass Grill House maintains its principle office in this District and Division.

## THE PARTIES

11. Demyers was, at all relevant times, an employee of Bypass Grillhouse.

12. Demyers was an hourly employee of Bypass Grillhouse.

13. Demyers' written consent is attached as Exhibit A.

14. The class of similarly situated employees or potential class members sought to be certified is defined as:

> **All hourly employees of Bypass Grill House who were, at any point in the past three years, paid "straight time for overtime."**

15. Bypass Grill House is a Texas company with its headquarters and principal place of business in Brazoria County, Texas. It may be served by service upon Gaines Andrews, Jr., Cecilia Andrews, or any other officer, managing agent, or general agent at: **2625 S. Bypass 35, Ste. 191, Alvin, TX 77511,** or by any other method authorized by law.

16. Gaines Andrews, Jr. is a natural person. He may be served by service upon him at: **3410 Herbert Dr., Pearland, TX 77584**, or wherever he may be found.

17. At all relevant times, Gaines Andrews, Jr. was an owner of Bypass Grill House.

18. At all relevant times, Gaines Andrews, Jr. was a manager of Bypass Grill House.

19. At all relevant times, Gaines Andrews, Jr. was a member of Bypass Grill House.

20. At all relevant times, Gaines Andrews, Jr. exerted operational control over Bypass Grill House.

21. Cecilia Andrews is a natural person. She may be served by service upon her at: **6238 Del Bello Ln., Manvel, TX 77578**, or wherever she may be found.

22. At all relevant times, Cecilia Andrews was an owner of Bypass Grill House.

23. At all relevant times, Cecilia Andrews was a manager of Bypass Grill House.

24. At all relevant times, Cecilia Andrews was a member of Bypass Grill House.

25. At all relevant times, Cecilia Andrews exerted operational control over Bypass Grill House.

26. Bypass Grill House, Gaines Andrews, Jr., and Cecilia Andrews employed and/or jointly employed Cox and the Putative Class Members.

27. Bypass Grill House, Gaines Andrews, Jr. and Cecilia Andrews are joint employers for purposes of the FLSA. *See* 29 C.F.R. § 791.2.

## COVERAGE UNDER THE FLSA

28. Bypass Grill was an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. Bypass Grill was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

30. During at least the last three years, Bypass Grill has had gross annual sales in excess of $500,000.

31. Bypass Grill was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

32. Bypass Grill employs many workers, including Demyers, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

33. The goods and materials handled, sold, or otherwise worked on by Demyers and other Bypass Grill employees and that have been moved in interstate commerce include, but are not limited to, kitchen supplies, cash registers, phones, restaurant equipment, and food.

## FACTS

34. Bypass Grill is a restaurant located in Alvin, Texas. Bypass Grill House, https://www.bypassgrillhouse.com/ (last visited Sept. 7, 2018).

35. Demyers began working for Bypass Grill in December 2017.

36. Demyers was employed in Bypass Grill's kitchen.

37. Demyers was an hourly employee of Bypass Grill.

38. Bypass Grill did not pay Demyers a salary.

39. Bypass Grill did not pay Demyers on a fee basis.

40. For example, in the week ending June 16, 2018, Demyers worked 56.25 hours.

41. And for the week ending June 16, 2018, Bypass Grill paid Demyers for 56.25 hours at his hourly rate of $14 an hour.

42. But in the week ending June 30, 2018, Demyers worked 46.13 hours.

43. So for the week ending June 30, 2018, Bypass Grill paid Demyers for 46.13 hours at his hourly rate of $14 an hour.

44. Bypass Grill paid Demyers by the hour.

45. Bypass Grill paid Demyers $13.50 to $14 per hour.

46. Demyers reported the hours he worked to Bypass Grill on a regular basis.

47. But Demyers normally worked more than 40 hours in a week.

48. For example, in the week ending June 23, 2018, Demyers worked 57.5 hours.

49. Bypass Grill paid Demyers for 57.5 hours at his hourly rate of $14 an hour.

50. Demyers hours are reflected in Bypass Grill's records.

51. Bypass Grill paid Demyers at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

52. Thus, rather than receiving time-and-a-half as required by the FLSA, Demyers only received "straight-time" pay for overtime hours worked.

53. This "straight-time-for-overtime" payment scheme violates the FLSA.

54. Bypass Grill was well aware of the overtime requirements of the FLSA.

55. Bypass Grill nonetheless failed to pay certain hourly employees, such as Demyers, overtime.

56. Bypass Grill's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

57. In July 2018, Demyers notified Bypass Grill of concerns regarding his overtime pay.

58. Shortly thereafter, Demyers was intimidated and retaliation by managers.

59. Demyers was subject to intimidation and retaliation by Cecilia Andrews.

60. Bypass Grill created an unwelcome and hostile work environment for Demyers as a direct result of his raising concerns about his overtime pay.

61. Employers should not, and may not, retaliate against an employee such as Demyers because he reports, raises concerns, or files a claim for fair pay. 29 U.S.C. § 215(a)(3).

## COLLECTIVE ACTION ALLEGATIONS

62. Bypass Grill's illegal "straight time for overtime" policy extends well beyond Demyers.

63. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-

06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

64. Bypass Grill has paid other hourly workers according to the same unlawful scheme.

65. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

66. The workers impacted by Bypass Grill's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

67. Therefore, the class sought to be certified is properly defined by paragraph 14 as:

> **All hourly employees of Bypass Grillhouse who were, at any point in the past three years, paid "straight time for overtime."**

### FIRST CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

68. Demyers incorporates all preceding paragraphs by reference.

69. By failing to pay Demyers and the other Putative Class Members overtime at 1.5 times their regular rates, Bypass Grill violated the FLSA. 29 U.S.C. § 207(a).

70. Bypass Grill owes Demyers and the other Putative Class Members the difference between the rate actually paid and the proper overtime rate.

71. Because Bypass Grill knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Bypass Grill owes these wages for at least the past three years.

72. Bypass Grill also owes Demyers and the other Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

73. Demyers and the other Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## SECOND CAUSE OF ACTION—UNLAWFUL RETALIATION UNDER THE FLSA

74. Demyers incorporates all preceding paragraphs by reference.

75. At all relevant times, Bypass Grill has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

76. The FLSA provides a cause of action for retaliatory termination for an employer who discriminates in any way against or who discharges an employee for exercising the employee's legal rights under the FLSA. 29 U.S.C. §§ 215(a)(3), 216(b).

77. Bypass Grill employed Demyers.

78. Bypass Grill retaliated against Demyers for complaining about his overtime pay and for instituting legal action regarding his overtime pay.

79. Bypass Grill intentionally discriminated against Demyers, subjecting him to unfair and illegal treatment.

80. Bypass Grill knew, or showed reckless disregard for whether, its actions in discriminating against Demyers were in violation of the FLSA

81. Bypass Grill's retaliatory discrimination have caused Demyers to suffer damages, including liquidated damages, lost wages, emotional distress, punitive damages, attorneys' fees, and costs and expenses of suit.

## RELIEF SOUGHT

82. Wherefore, Demyers prays for judgment against Bypass Grill as follows:

    (a) For an order certifying this case as a collective action for the purposes of the FLSA claims;

    (b) For an order finding Bypass Grill liable for violations of state and federal wage laws with respect to Demyers and all Putative Class Members covered by this case;

    (c) For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Demyers and all Putative Class Members covered by this case;

(d) For a declaration that Bypass Grill violated the FLSA by retaliating against Demyers;

(e) For a judgment against Bypass Grill awarding Demyers all liquidated damages, lost wages, emotional distress, and punitive damages related to his retaliation claim;

(f) For a judgment awarding Demyers and all Putative Class Members covered by this case their costs of this action;

(g) For a judgment awarding Demyers and all Putative Class Members covered by this case their attorneys' fees;

(h) For a judgment awarding Demyers and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(i) For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*
By: _____
**Matthew S. Parmet**
Texas Bar # 24069719
S.D. Texas # 1076547
**PARMET PC**
800 Sawyer St.
Houston, Texas 77007
phone   713 999 5228
fax         713 999 1187
matt@parmet.law

**Attorneys for Plaintiff**